**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLLEGESOURCE, INC., a California corporation,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,<br><br>          Defendant - Appellee. | No. 11-55708<br><br>D.C. No. 3:10-cv-01428-JAH-POR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 6, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

CollegeSource, Inc. appeals the district court's order granting Travelers's motion for judgment on the pleadings and denying CollegeSource's motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

The district court did not err in holding that the allegations in Academy One's complaint fell within the Unauthorized Use exclusion in the Travelers insurance policy and therefore were not within the scope of CollegeSource's insurance coverage. Even construing the exclusion narrowly, *see MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1213 (Cal. 2003), the phrase "any other similar activities that mislead another's potential customers" can be read only as referring to activities similar to "unauthorized uses of another's name or product in your e-mail address, domain name, or metatag," because "use" is the only word in the clause which constitutes an "activity." CollegeSource's interpretation to the contrary is not reasonable. *See Mez Indus. v. Pac. Nat'l Ins. Co.*, 76 Cal. App. 4th 856, 868–69 (1999). The only reasonable reading of the complaint's allegation (that CollegeSource used AcademyOne's domain name in its own domain name in a way likely to cause confusion in the marketplace) is that it claims injury from an

---

[1]CollegeSource's Request for Judicial Notice, filed December 2, 2011, is denied as moot.

activity that (1) is "similar to" the unauthorized use of another's name or product in one's domain name, and (2) would mislead customers. *Id.*; *cf. Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999).

We also reject CollegeSource's argument that Travelers's removal of a trademark infringement exclusion from the policy shows an intent to provide coverage for domain name infringement. Because the language of the Unauthorized Use exclusion is unambiguous, we do not consider drafting history or other extrinsic sources to determine the parties' intent. *See AIU Ins. Co. v. Super. Ct.*, 799 P.2d 1253, 1264 (Cal. 1990).

**AFFIRMED.**